UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CHRISTINA LEGRAMA, HENRY BANAGA, JR., <br><br> Plaintiffs, <br><br> v. <br><br> FREMONT INVESTMENT & LOAN, *et al.*, <br><br> Defendants. _____/ | No. C 10-02945 MEJ <br><br> **ORDER RE MOTION TO STRIKE; ORDER REMANDING CASE TO STATE COURT** |

## I. INTRODUCTION

Pending before the Court are: (1) Defendants First American Title Insurance Company and First American Trustee Servicing Solutions' (collectively, "First American") Motion to Dismiss First Amended Complaint (Dkt. No. 56); (2) Defendant Commonwealth Land Title Company's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 59); and (3) Defendant Signature Group Holdings, Inc's Motion to Dismiss the First Amended Complaint (Dkt. No. 64). Defendants American Servicing Company, Deutsche Bank National Trust Company, Signature Group Holdings, Inc., and Stephen Williams have joined in the motions to dismiss. Dkt. Nos. 63, 67, 68, 85. In response, Plaintiffs Christina Legrama and Henry Banaga, Jr. have filed identical Oppositions to each of the Motions to Dismiss. Dkt. Nos. 77, 79, 80. Also pending before the Court is First American Title's Motion to Strike certain claims and allegations from Plaintiffs' First Amended Complaint (Dkt. No. 57).

Because the Court finds this matter suitable for disposition based on the parties' filings, the Court **VACATES** oral argument set for July 14, 2011.

As set forth below, the Court finds that Plaintiffs have improperly re-pled claims that the Court previously dismissed with prejudice. The Court therefore **GRANTS** First American Title's Motion to Strike. Further, having dismissed Plaintiffs' federal claims, there is no longer any basis

supporting original subject matter jurisdiction over this action. Because the Court finds no basis supporting the exercise of supplemental jurisdiction, the Court **REMANDS** this matter to state court for all further proceedings.

## II.   BACKGROUND

Plaintiffs initiated this action on May 21, 2010 in Contra Costa County Superior Court, alleging that Defendants engaged in illegal and fraudulent practices in connection with Plaintiffs' mortgage loan. Notice of Removal, Ex. A, Dkt. No. 1. Plaintiffs asserted twenty-two claims against Defendants, including claims for violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

On July 6, 2010, American Servicing Company removed the lawsuit to this Court on the basis of federal question jurisdiction, citing Plaintiffs' TILA and RESPA claims. Not. of Rem. ¶ 3. Thereafter, Defendants moved to dismiss Plaintiffs' claims pursuant to Federal Rule of Procedure ("Rule") 12(b)(6). On December 1, 2010, the Court issued its Order dismissing each of Plaintiffs' claims. Dkt. No. 49.[1] In particular, with respect to Plaintiff's TILA claim, the Court held that the claim was time-barred and therefore dismissed it without leave to amend. Dkt. No. 53 at 9. Likewise, as to Plaintiffs' RESPA claim, the Court found that it was untimely and dismissed it without leave to amend. *Id*. at 11.

On January 10, 2011, Plaintiffs filed their First Amended Complaint, asserting the same 23 claims contained in their initial Complaint, including the TILA and RESPA claims. Dkt. No. 54.

Defendants now move to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6). Additionally, First American Title moves to strike certain claims and allegations from Plaintiffs' First Amended Complaint. Because the Court finds the Motion to Strike Dispositive, it turns to it first.

/ / /

/ / /

---

[1] The Court issued an Amended Order clarifying which claims were dismissed with prejudice and which claims were dismissed with leave to amend. *See* Dkt. No. 53.

2

**III. DISCUSSION**

**A.     Motion to Strike**

As detailed above, in its prior Order the Court dismissed each of Plaintiffs' claims, but granted Plaintiffs leave to amend as to certain claims. As to those claims that the Court dismissed without leave to amend, Plaintiffs are precluded from reasserting such claims in their amended pleading. Nevertheless, in their First Amended Complaint, Plaintiffs have reasserted every claim contained in their original Complaint, irrespective of whether the Court granted leave to amend. As a result, First American moves to strike those claims that the Court dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(f). Specifically, First American moves to strike the following claims and supporting allegations: (1) Plaintiffs' third cause of action to "determine nature, extent, and validity of lien," (FAC ¶¶ 73-78); (2) Plaintiffs' fourth claim for breach of covenant of good faith and fair dealing (FAC ¶¶ 79-86); (3) Plaintiffs' fifth claim for relief for violation of the TILA (FAC ¶¶ 87-99); (4) Plaintiffs' sixth claim for violation of RESPA; (5) Plaintiffs' seventh, eighth, ninth, tenth, and thirteenth causes of action for various violations of California Civil Code as to all Defendants except Signature; (6) Plaintiffs' eleventh cause of action for violation of Civil Code section 2079.16 (FAC ¶¶ 127-35); (7) Plaintiffs' twelfth cause of action for violation of Civil Code section 1632 (FAC ¶¶ 136-40); (8) Plaintiffs' fourteenth cause of action for rescission (FAC ¶¶ 145-49); (9) Plaintiffs' seventeenth claim for breach of fiduciary duty (FAC ¶¶ 162-66); (10) Plaintiffs' twenty-first claim to quiet title (FAC ¶¶ 182-85); and (11) Plaintiffs' twenty-second claim for wrongful foreclosure (FAC ¶¶ 186-91). Mot. to Str. at 7-8.

Under Rule 12(f), a party may request that the Court strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. First American contends that because the Court dismissed each of the foregoing claims without leave to amend, Plaintiffs' reassertion of such claims renders them immaterial and impertinent and they should be stricken from the Amended Complaint. The Court agrees. Accordingly, the Court **GRANTS** First American's Motion to Strike (Dkt. No. 57). Each of the claims identified above shall be deemed stricken from Plaintiff's Amended Complaint.

3

1   Thus, Plaintiffs' remaining claims are as follows: (1) declaratory relief; (2) injunctive relief;
2   (3) violation of California Civil Code section 1916.7b(2) (against Signature only); (4) violation of
3   California Civil Code sections 1918.5-1921.1920 (against Signature only); (5) violation of California
4   Civil Code section 1916.7b (against Signature only); (6) violation of California Civil Code section
5   1916.10(c) (against Signature only); (7) violation of California Civil Code section 1916.7a(8)
6   (against Signature only); (8) fraud; (9) unfair and deceptive practices; (10) unjust enrichment; (11)
7   unconscionability; (12) predatory lending under Business and Professions Code section 17200; and
8   (13) slander of title.

## B.   Subject Matter Jurisdiction

Because Plaintiffs' Amended Complaint no longer contains any federal claims, the Court must assess its jurisdiction in this case. As a court of limited jurisdiction, this Court has an ongoing obligation to confirm that subject matter jurisdiction exists over an action. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). As indicated above, Defendant American Servicing Company removed this case from state court to this Court on the basis of federal question jurisdiction. *See* Not. of Rem. ¶ 3. Specifically, in their Notice of Removal American Servicing Company cited Plaintiffs' RESPA and TILA claims as supporting the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). *Id*. Although Plaintiffs reasserted these federal claims in their First Amended Complaint, the Court's prior dismissal of these claims with prejudice precludes Plaintiffs from reasserting them in any subsequent pleading. Consequently, the dismissal of Plaintiffs' federal claims -- followed by the striking of such claims from the Amended Complaint -- extinguished the basis for federal question jurisdiction in this case. The question now becomes whether it is proper for the Court to exercise supplemental jurisdiction over the remaining state law claims.

Under 28 U.S.C. § 1376(a), a district court has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy. The Court, however, is not obligated to exercise this authority; rather, exercise of supplemental jurisdiction is discretionary. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Pursuant 28 U.S.C. § 1376(c)(3), the district court may decline to exercise supplemental jurisdiction

4

over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. *See Trustees of Const. Indus. & Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 924 (9th Cir. 2003). In evaluating whether to exercise supplemental jurisdiction, the Court considers whether it would serve the objectives of economy, convenience and fairness to the parties, and comity. *Id*.

Here, the Court has carefully considered each of these factors and finds that they weigh against exercising supplemental jurisdiction. The thirteen claims that remain at issue in this lawsuit all arise under California law and concern Defendants' activities within California involving California citizens. Thus, the California state courts, rather than the federal district court, has a stronger interest in the claims at issue. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.") Further, while the case has been substantially narrowed down by the first round of motions to dismiss, this case is still in the pleading stage. Thus, there is minimal prejudice to the parties in resuming litigation of this case in state court. Taking these factors into consideration, the Court finds that the state court is a proper forum for the parties to litigate this case and therefore declines to exercise jurisdiction over Plaintiffs' remaining state claw claims. *See Lewis v. Diamond Essentials, Inc.*, 2010 WL 3070365, at *4 (S.D. Cal. Aug. 5, 2010) (remanding state law claims after dismissal of TILA and RESPA claims). Accordingly, the Court **REMANDS** this matter to Contra Costa Superior Court.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants First American Title's Motion to Strike. Dkt. No. 57. Because subject matter jurisdiction no longer exists in this action, the Court **REMANDS** the matter to Contra Costa Superior Court.

**IT IS SO ORDERED.**

Dated: July 13, 2011

Maria-Elena James
Chief United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHRISTINA LEGRAMA et al,

     Plaintiff,

v.

FREMONT INVESTMENT & LOAN et al,

     Defendant.

Case Number: CV10-02945 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christina Legrama
Henry Banaga
67 Boxford Place
San Ramon, CA 94583

Dated: July 13, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk